UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RENE RODRIGUEZ-ALES,

      Petitioner,

    v.                               Case No.:  2:26-cv-00271-SPC-NPM

WARDEN, ALLIGATOR
ALCATRAZ,

      Respondent.

_____/

## OPINION AND ORDER

Before the Court are petitioner Rene Rodriguez-Ales's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Rodriguez-Ales' reply (Doc. 6).

Rodriguez-Ales is a native of Cuba who entered the United States on January 18, 2005, and was paroled into the country on January 17, 2007. After convictions for aggravate assault with a deadly weapon and aggravated battery with a weapon, an immigration judge ordered Rodriguez-Ales removed on April 8, 2010. Immigration and Customs Enforcement ("ICE") released him under an order of supervision on July 7, 2010.

On January 18, 2026, the Pinellas County Sheriff's Office arrested Rodriguez-Ales for burglary. ICE took custody of him on January 20, 2026, and detained him at Alligator Alcatraz. In a Notice of Revocation of Release dated March 11, 2026, ICE indicated it revoked Rodriguez-Ales' release

because there is a significant likelihood of removal in the reasonably foreseeable future, not because he violated any condition of release. Rodriguez-Ales challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Rodriguez-Ales's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft,* 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Rodriguez-Ales has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Cuba did not accept him in 2010, there is no reason to believe Cuba will accept him now, and the government does not claim it has taken any steps to remove him

to a third country. The burden thus shifts to the government, but it makes no attempt at rebuttal. The Court finds no significant likelihood Rodriguez-Ales will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Rodriguez-Ales's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Rene Rodriguez-Ales's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Rodriguez-Ales poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Rodriguez-Ales may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record